IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| A.A., a minor, by and through her parent and natural guardians E.A., and E.A., individually, Plaintiffs, | : : : : : : : : : : : : | CIVIL ACTION No: 06-2283 |
| v. |  |  |
| Exeter Township School District, et al., Defendants. |  |  |

April 30, 2007                                                                                           Judge Anita B. Brody

**<u>Opinion and Order</u>**

Plaintiff A.A. has filed this lawsuit against the defendant school district for violations of her right to a "free and appropriate education" under the Individuals with Disabilities in Education Act (IDEA).[1] She argues that her compensatory education claim for the 2003-2004 school year was improperly time-barred in the state administrative decision and asks that the claim be remanded to the Pennsylvania Special Education Appeal Panel for a determination on the merits.

---

[1] At the state administrative level, A.A. sought relief for the 03-04 and 04-05 school years under IDEA. She was granted relief for the 04-05 school year but denied for the 03-04 school year. Her full complaint in this Court seeks relief under IDEA for the 03-04 school year, and also raises claims based on the ADA, the Rehabilitation Act, and section 1983. The defendant school district counterclaimed for reversal of the award for the 04-05 school year. Neither the plaintiff's non-IDEA claims nor the defendant's counterclaim is before the Court in this motion, which is limited to the 03-04 claim.

*O:\ABB 2007\AA opinion and order.doc*

**Introduction**

A.A., through her parents, initiated administrative action for violation of her IDEA rights in June 2005 by requesting a state administrative "due process hearing," as required by IDEA.[2] The state Hearing Officer granted some of the relief she requested. However, the Hearing Officer held that her claim for compensatory education[3] for the 2003-2004 school year was time-barred under *Montour School District v. S.T.*, 805 A.2d 29 (Pa.Cmwlth. 2002), Pennsylvania state court precedent interpreting IDEA.[4] *Montour* imposes a one-year limit on compensatory education claims. The state administrative Special Education Appeals Panel affirmed the Hearing Officer.

After losing at the state administrative level, A.A. filed suit here pursuant to the IDEA provision giving an aggrieved party the right to bring an original civil action in state or federal court to review the administrative decision. 20 U.S.C. § 1415(i)(2). A.A. argues that under Third Circuit precedent interpreting IDEA, principally *Ridgewood v. N.E.*, 172 F.3d 238 (3d Cir. 1999), her 03-04 compensatory education claim is not time barred. A.A. asks this court to remand the 03-04 compensatory education claim to the Appeals Panel with an order to apply *Ridgewood* rather than *Montour* and reach the merits of the claim.

The defendant school district objects to the application of Third Circuit precedent in this case. The school district agrees that federal law applies, but argues that under Pennsylvania state law, Pennsylvania agencies like the Appeals Panel are bound to apply

---

[2] Pennsylvania has a two-tier review system for IDEA administrative proceedings. The case is first heard by a Hearing Officer. An aggrieved party may then file an administrative appeal before the state Special Education Appeals Panel.

[3] "Compensatory education" is a kind of equitable relief available under IDEA that awards an adult student additional hours of education to replace those years she was not receiving her due under IDEA as a minor. *Lester H. by Octavia P. v. Gilhool*, 916 F.2d 865, 871-73 (3d Cir. 1990).

[4] This case involves the limitations period for filing an IDEA case at the state administrative level, not the limitations period for filing at the federal or state court level under 20 U.S.C. § 1415(i)(2).

2

Pennsylvania case law interpreting federal law. *See City of Chester v. Pennsylvania Public Utility Commission*, 773 A.2d 1280, 1286 (Pa.Cmwlth. Ct. 2001). Thus, the school district reasons, the Appeals Panel did not err in applying *Montour* rather than *Ridgewood*. The school district argues that to order the Appeals Panel to apply *Ridgewood* rather than *Montour* constitutes an impermissible exercise of federal appellate jurisdiction over a state adjudication, given that the state administrative body is required by state law to apply *Montour*. The school district also argues that a federal district court has no authority at all under IDEA to remand to the state administrative body.

### Limitation Period

As an initial matter, I find that contrary to the Pennsylvania court's ruling in *Montour*, there was no one-year limitation for compensatory education due process hearings to be initiated at the state level at the time A.A. filed in June 2005. When A.A. filed at the state level, IDEA contained no express statute of limitations for the state-level proceeding.[5] In *Bernardsville Board of Education v. J.H.*, 42 F.3d 149 (3d Cir. 1994), the Third Circuit imposed a one-year equitable limitations period for tuition reimbursement claims. But later in *Ridgewood,* a compensatory education case, the Third Circuit held that "failure to object to [a student's] placement does not deprive him

---

[5] Congress has since amended the IDEA to add a default two-year statute of limitations for initiating state-level due process hearings. 20 U.S.C. § 1415(f)(3)(C). But if a state has its own "explicit time limitation for requesting such a hearing," that limit takes precedence over the default two-year period. *Id.* The defendant school district argues that the *Montour* decision giving a one-year limit constitutes an "explicit time limitation" within the meaning of the statute. However, A.A. filed for her due process hearing in June 2005, prior to the effective date of the amendments on July 1, 2005. *See* Individuals with Disabilities Education Improvement Act of 2004, PL 108-446, § 302(a)(1), 118 Stat. 2647, 2803. Because IDEA amendments have prospective effect only, A.A.'s claim does not fall under 20 U.S.C. § 1415(f)(3)(C). *See Lawrence Twp Bd. of Educ. v. New Jersey*, 417 F.3d 368, 370 (3d Cir.2005). As such, I do not reach the question of whether *Montour* functions as an "explicit time limitation" under section 1415(f)(3)(C).

of the right to an appropriate education." *Ridgewood Board of Education v. N.E.*, 172 F.3d at 250. The student in *Ridgewood* had filed for his state-level due process hearing only in 1996, but the Court ruled that his compensatory education claim for the years 1988-1996 could go forward. *Id.* at 245, 251.

At least eight district courts in the Eastern District of Pennsylvania (including this one) have interpreted *Ridgewood* to mean that there is no limitations period on compensatory education claims.[6] These courts hold that that *Bernardsville*'s holding on tuition reimbursement claims is not applicable to compensatory education claims in light of *Ridgewood*. However, the Pennsylvania Commonwealth Court came to the opposite conclusion, holding in *Montour* that there is a one-year limitations period on compensatory education claims. *Montour School District,* 805 A.2d at 39-40. I disagree with the Pennsylvania court and continue to join the general consensus of the federal district courts: under *Ridgewood*, the *Bernardsville* one-year limitations period does not apply to compensatory education claims. A.A.'s claim for 03-04 compensatory education is therefore timely.

### Remand to State Administrative Adjudication

Because courts reviewing IDEA cases should give deference to state-level educational policies, the proper result in this case is to "remand" to the Pennsylvania Special Education Appeals Panel to allow it to reach the merits of the claim. *See Board*

---

[6] *Robert R, et al, v. Marple Newtown Sch. Dist,* Civ.A. No. 05-1282 (E.D. Pa. Nov. 8, 2005); *James G., et al. v. Garnet Valley School District*, No. 05-CV-3378 (E.D. Pa. Nov. 3, 2005) (Brody, J.); *Anthony C., et al. v. Neshaminy Sch. Dist.*, Civ.A.No. 05-3383 (E.D.Pa. Oct. 27, 2005); *Michael C., et al. v. Wissahickon Sch. Dist.*, Civ.A.No. 05-3377, 2005 WL 2739418 (E.D.Pa. Oct. 21, 2005); *S., et al. v. Wissahickon Sch. Dist.*, Civ.A.No. 05-1284 (E.D.Pa. Oct. 5, 2005); *Curtis B., et al. v. Owen J. Roberts Sch. Dist.*, Civ.A.No. 05-3380 (E.D.Pa. Sept. 20, 2005); *M., et al. v. North Penn Sch. Dist.*, Civ.A.No. 05-3382 (E.D.Pa. Sept. 16, 2005); *Amanda A. v. Coatesville Area Sch. Dist.,* Civ.A.No. 04-4184, (E.D.Pa. Feb.23, 2005).

*of Educ. of Hendrick Hudson Central School Dist., Westchester County v. Rowley*, 458 U.S. 176, 207 (1982) ("[C]ourts must be careful to avoid imposing their view of preferable educational methods upon the States"); *Carlisle Area School v. Scott P.,* 62 F.3d 520, 526 (3d Cir.1995) (authorizing IDEA remands to state administrative adjudication).  Such a remand would order the Appeals Panel to apply *Ridgewood* rather than *Montour*.  The defendant school district objects, arguing that the Appeals Panel, a state administrative agency, cannot be ordered to apply federal court precedent because it is bound by state law to apply state court precedent interpreting federal law.  This argument is unavailing.

IDEA provides for concurrent state and federal jurisdiction over civil claims objecting to the disposition of state-level administrative IDEA adjudications.  20 U.S.C. § 1415(i).  State courts and lower federal courts are equally competent to interpret federal law.  Accordingly, state court precedent and federal court precedent interpreting identical federal statutes may, at times, diverge.  Naturally, a party facing divergent bodies of case law and the chance to chose between forums will chose the more advantageous jurisdiction, as A.A. has done here.

Having found that remand is appropriate and that *Ridgewood* is Third Circuit precedent on point, this Court must order the Appeals Panel to apply *Ridgewood* rather than *Montour*.  To do otherwise would be to say that this Court is itself not bound by Third Circuit precedent.  This would be obviously impermissible:  It is axiomatic that a district court is bound to apply its appellate court's precedent.  *See, e.g., Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 867 (1984).  Further, Congress has given IDEA parties the right to choose a forum for original review of state administrative decisions.

That right would be meaningless if it did not include the right to take advantage of the chosen forum's case law.

In general, lower federal courts have no power of appellate review over state court decisions. *See, e.g., Atlantic Coast Line R.R. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 286 (1970). State courts are not bound to follow the precedent of lower federal courts. *Lockhart v. Fretwell*, 506 U.S. 364, 375-76 (1993) (Thomas, J., concurring). Defendants argue that remand in this case would constitute a cross-system appeal with a mandate for a state adjudicator to follow lower court federal precedent. Indeed, IDEA cases in the district court do have some appellate-like characteristics, particularly the power to remand for further adjudication to the state administrative body.

But Congress has created original federal court jurisdiction for this action. 20 U.S.C. § 1415(i)(2); *cf. City of Chicago v. International College of Surgeons*, 522 U.S. 156, 170-171 (1997) (analyzing federal court review of state administrative decisions and noting that IDEA provides for federal review of state administrative decisions). Despite any resemblance to an appeal, it is an original civil action, not an appeal. *Tokarcik v. Forest Hills School Dist.*, 665 F.2d 443, 449 (3d Cir. 1981). *See also Kirkpatrick v. Lenoir County Bd. of Educ.*, 216 F.3d 380 (4th Cir. 2000); *S.J. v. Issaquah School Dist. No. 411*, 470 F.3d 1288, 1292 (9th Cir. 2006); 18B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 4469.1 n. 70 and accompanying text (2007). Because original jurisdiction is sound, and because remand to state administrative adjudication is authorized, the fact that the remand requires application of Third Circuit precedent instead of Pennsylvania precedent is of no moment.

## Conclusion

A.A.'s 03-04 compensatory education claim is not time barred.  The claim is remanded to the Pennsylvania Special Education Appeals Panel for further proceedings consistent with this judgment.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| A.A., a minor, by and through her parent and natural guardians E.A., and E.A., individually,<br>Plaintiffs, | :<br>:<br>:<br>:<br>: |
| v. | :     CIVIL ACTION<br>:     No: 06-2283<br>: |
| Exeter Township School District, et al.,<br>Defendants. | :<br>:<br>: |

## **ORDER**

This __30th___ day of ___April___, 2007, **IT IS ORDERED**: Plaintiffs' Motion for Partial Administrative Remand (docket entry # 11) is GRANTED. Plaintiffs' compensatory education claim for 2003-2004 is remanded to the Pennsylvania Special Education Appeals Panel for further consideration consistent with this Opinion and Order.

_____
ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:      Copies **MAILED** on _____ to:

1

2